# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL M. BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:20-CV-00516 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| ALEJANDRO MAYORKAS, Secretary, | ) | |
| United States Department of Homeland | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Crystal Bryant sued the Department of Homeland Security, alleging age, color, race, and sex discrimination against her former employer (specifically the Transportation Security Administration, well known as the TSA).[1] R. 8, Amended Compl.[2] The government now moves for summary judgment in its favor, arguing that there is no issue of material fact that Bryant failed to timely exhaust her administrative Equal Employment Opportunity remedies and that she was not performing up to the TSA's legitimate expectations. R. 53, Mot. Summ. J. For the reasons explained in this Order, the government's motion for summary judgment is granted.

## I. Background

---

[1]The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331.

[2]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

In deciding the government's motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Having said that, when Bryant fails to present facts properly under Local Rule 56.1, the Court may deem the government's facts to be admitted and set aside Bryant's unsupported counter assertions. *See Delapaz v. Richardson*, 634 F.3d 895, 899-900 (7th Cir. 2011) (describing the importance of Local Rule 56.1 and the trial court's enforcement of it).

Bryant is an African-American woman who began working as a transportation security officer with the TSA in August 2002. R. 54, DSOF ¶ 1, Bryant Dep. at 13, 21. In this role, Bryant was responsible for checking baggage and securing perimeters. *Id.* at ¶ 2. Throughout her employment with the TSA, Bryant held that same position (transportation security officer). DSOF ¶ 3, Bryant Dep. at 14. To maintain her position as a transportation security officer, Bryant was required to pass various annual exams, including the On Screen Alarm Resolution Protocol (which the government calls "OSARP" for short) and an Annual Assessment. DSOF ¶ 4, Bryant Dep. at 14, 15. Section 44935(f)(5) of the Aviation and Transportation Security Act requires the TSA to provide "an annual evaluation of each individual assigned screening duties .… " 49 U.S.C. § 44935(f)(5) This law also requires that a security screener "may not continue to be employed in that capacity unless the evaluation demonstrates" among other things, that the individual "continues to meet all qualifications and standards required to perform a screening function." § 49935(f)(5)(A).

On June 2, 2015, Bryant took and failed the annual OSARP exam. DSOF ¶ 6, DHS Opinion and Decision at 89–90, Online Learning Center History Report at 166–67. Bryant declined the opportunity to study further for the exam and instead chose to quickly retake the exam, specifically the very next day. DSOF ¶ 7. Bryant retook the OSARP exam on June 3—but failed again. DSOF ¶ 8. This process repeated yet again the next day, leading to Bryant failing the exam a third time on June 4. *Id.* ¶ 10. During her deposition, Bryant testified that for the June 4 exam there was an issue tabulating her exam score and that other employees had experienced problems tabulating their scores. DSOF ¶ 17, Bryant Dep. at 18–19. After initially completing the exam on June 4, and experiencing the tabulation issues, about 5 to 10 minutes later, Bryant decided to retake the exam. DSOF ¶ 19, Bryant Dep. at 18, 20. She failed yet again. DSOF ¶ 10; Department of Homeland Security Opinion and Decision at Bates No. 89–90; Online Learning Center History Report for TSO Crystal Bryant at Bates No. 173.

Because Bryant did not pass her OSARP exam at any point, Harry Ferrer, the TSA Deputy Assistant Federal Security Director at O'Hare Airport, issued a notice of proposed removal on June 22, 2015. DSOF ¶ 11. Bryant responded to the notice by arguing that the scoring of the exam was unfair and that she was not given a fair chance to pass the exam. DSOF ¶ 12, Bryant Dep. at 25.

A little over one month later, Bryant was informed, in a letter dated July 30, 2015, that she was removed from her transportation security officer position. DSOF ¶ 13, DHS Opinion and Decision at 89–92. The letter was issued by another TSA

3

Assistant Federal Security Director at O'Hare Airport, Arthur Bell. DSOF ¶ 13; Bryant Dep. 26.

Bryant did not contact an EEO counselor regarding her removal until January 2016. DSOF ¶ 14, Bryant Dep. at 28. Bryant filed her formal discrimination complaint with the TSA on January 25, 2016, and then filed this lawsuit in January 2020, alleging that her removal was due to age, race, color, and sex discrimination. DSOF ¶ 15, Bryant Dep. at 28; R. 1, Compl. ¶ 9.

## II. Legal Standard

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The Court may not weigh conflicting evidence or make credibility determinations, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), and must consider only evidence that can "be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that they are entitled to judgment as a matter of law. *Carmichael v. Village of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986);

4

*Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). If this burden is met, the adverse party must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

### III. Analysis

The government accurately argues that there is no genuine issue of fact that Bryant "failed to timely exhaust her administrative EEO remedies concerning her July 2015 termination." R. 55, Def.'s Br. at 1. Federal employees bringing claims of discrimination under Title VII "must first exhaust [their] administrative remedies." *Green v. Brennan*, 578 U.S. 547, 552 (2016) (cleaned up)[3]; *see also Tyler v. Runyon*, 70 F.3d 458, 467 (7th Cir. 1995) (explaining exhaustion requirement for the Rehabilitation Act). Under 29 C.F.R. § 1614.105(a)(1), a federal employee must contact an EEO counselor "within 45 days of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *See Jones v. DeJoy*, 856 Fed.Appx. 618, 620(7th Cir. 2021) (applying 45-day deadline for administrative exhaustion).

Bryant was fired on July 30, 2015. DSOF ¶ 13, DHS Opinion and Decision at 89–92. But Bryant did not contact an EEO counselor until January 2016, well beyond the 45-day deadline, and she admitted this in her own deposition. DSOF ¶ 14, Bryant Dep. at 28. With this admission in place, and with no legal excuse for Bryant's failure

---

[3] This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

to timely exhaust her administrative remedies, Bryant is barred from proceeding on her discrimination claim due to lack of exhaustion. Given the clarity of the failure to exhaust, there is no need to issue a decision on the government's arguments concerning the merits (or lack thereof) of Bryant's case.

## IV. Conclusion

The government's motion for summary judgment is granted for failure to exhaust. The case is dismissed with prejudice and final judgment shall be entered. The status hearing of October 21, 2022, is vacated.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 27, 2022

6